IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01986-RM-NRN

CALIFORNIA INNOVATIONS INC.,

Plaintiff,

v.

ICE ROVER, INC.,

Defendant.

### SHOW CAUSE ORDER DIRECTED TO ATTORNEY WILLIAM P. RAMEY III

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court pursuant to the orders issued by Judge Raymond P. Moore referring Defendant's Opposed Motion to Modify Scheduling Order to Extend Discovery Deadlines (Dkt. #51) (referred at Dkt. #53) (the "Motion") and the parties' Stipulated Supplement to Motion to Modify Scheduling Order to Extend Discovery Deadlines (Dkt. #55) (referred at Dkt. #57).

In the Motion, counsel for Defendant represents that former counsel for Defendant Ice Rover, Inc. ("Ice Rover"), William P Ramey III, failed in his duty to competently represent Defendant. In particular, it is reported that Mr. Ramey failed to serve any discovery requests to Plaintiff whatsoever. A Scheduling Order was entered more than a year ago on October 26, 2022. (Dkt. #25.) The deadline for fact discovery is December 1, 2023. (*Id.* at 8.) Prior to the withdrawal of Mr. Ramey from this case on September 28, 2023 (Dkt. #47), discovery should have substantially progressed in the

eleven months since the Scheduling Order was entered. The Court also notes that Mr. Ramey failed to appear at the May 9, 2023 Status Conference, and never provided any reason or explanation for this failure. (*See* Dkt. #29.) These actions are unacceptable, have prejudiced Ice Rover, and have disrupted the orderly administration of justice.

It is also represented that Mr. Ramey or his firm has similarly failed to pursue discovery in three other active cases involving Ice Rover, has received unfavorable outcomes in at least fifteen other cases due to lack of proper representation, and is currently defending sanctions motions in at least four additional cases. (Dkt. #51 at 2.) The Court notes that Mr. Ramey is also subject to a pending motion for Rule 11 sanctions in another case in this district. *See* Lexmark International Inc.'s Motion for Rule 11 Sanctions, *Ortiz & Assocs. Consulting, LLC v. Lexmark Int'l, Inc.*, No. 23-cv-01646-NYW-SBP (D. Colo. Nov. 29, 2023). These circumstances indicate a potentially concerning pattern of neglect by Mr. Ramey and his firm.

The Colorado Rules of Professional Conduct ("Colo. RPC") are adopted as standards of professional responsibility in this Court, and a violation of these rules may be grounds for discipline. *See* D.C.COLO.LAttyR 2, 7. Colo. RPC 1.1 obligates lawyers to provide competent representation to clients, which requires "the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

Based on the apparent circumstances, and pursuant to the Court's inherent authority, *see Dab Drilling, Inc. v. Dabovich*, No. 18-CV-1197-WJM-NRN, 2019 WL 10945121, at *5 (D. Colo. Mar. 4, 2019) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991)), it is hereby **ORDERED** that on or before December 14, 2023, Mr. Ramey shall **SHOW CAUSE in writing** why he should not be referred to the Court's

Committee on Conduct for his neglectful behavior in this case, including his failure to appear at a scheduling conference and his failure to serve any discovery. Mr. Ramey's response to this Show Cause Order **shall** include the following information:

1. The number of lawsuits in which Mr. Ramey or Ramey LLP are currently listed as counsel of record in any court in the United States.

2. The number of patent lawsuits that Mr. Ramey or Ramey LLP have filed or entered appearances in over the last 12 months.

3. The number of attorneys that are currently employed at Ramey LLP.

4. The number of times in the past three years that Mr. Ramey, Ramey LLP, or the clients of Ramey LLP have been sanctioned by any court or bar disciplinary body, including any public or private censures, and any orders to pay attorney's fees for any reason.

5. The number of motions for sanctions (or for attorneys fees) that are currently pending against Mr. Ramey, Ramey LLP, or its clients in any court.

These questions are relevant to the issue of whether Mr. Ramey and his firm are spread too thin to provide competent representation. *See Mondragon v. Nosrak LLC*, No. 19-cv-01437-CMA-NRN, 2020 WL 2395641, at *8, *14 (D. Colo, May 11, 2020) (imposing sanctions on a copyright attorney with a "massive caseload" after the attorney demonstrated, both in the District of Colorado and in many other copyright cases around the nation, a disregard for basic federal courtroom rules, procedures, and practices, resulting in multiple sanction orders).

It is further ORDERED that the Clerk of Court shall mail a copy of this Show Cause Order to Mr. Ramey at Ramey LLP, 5020 Montrose Boulevard, Suite 800, Houston, TX 77006.

Date: November 30, 2023
Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge