**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-1986-RM-NRN

CALIFORNIA INNOVATIONS, INC.

    Plaintiff

v.

ICE ROVER, INC.,

    Defendant.

---

**RESPONSE TO MOTION TO SHOW CAUSE**

---

**TABLE OF CONTENTS**

I. INTRODUCTION AND BACKGROUND FACTS ......................................................1

II. RESPONSES TO COURT'S REQUIREMENTS ..........................................................5

III. ARGUMENT ..................................................................................................................7

IV. CONCLUSION .............................................................................................................10

William P. Ramey, III respectfully responds to the Court's Show Cause Order of November 30, 2023 as follows, showing the Court that no referral is necessary:

## I. INTRODUCTION AND BACKGROUND FACTS

Ramey is licensed to practice law in the state of Texas and am an attorney with the law firm of Ramey LLP and is admitted to the District of Colorado. He previosuly represented the Plaintiff in the above-captioned lawsuit.[1]

Ramey came to represent Plaintiff through his work with Eric Morehouse ("Morehouse") and AiPi LLC ("AiPi"). Morehouse introduced himself and AiPi as a litigation funder and law firm.[2] In November of 2021, Morehouse said he wanted to work with Ramey and Ramey LLP. Morehouse proposed a financial arrangement whereby Ramey LLP would enter the appearances and assist with case work but Morehouse's internal attorneys and staff would handle the majority of the drafting, including discovery. Morehouse told Ramey that he could make it work with his lawyers, later known as Whitestone Law, PLLC ("Whitestone"), helping with the legal work from drafting the cases through trial. Morehouse told Ramey he viewed the entities within each Plaintiff Case Group as his personal clients.[3]

Ramey LLP and Ramey began to enter appearances in cases that were already filed and in new cases as they were filed. In addition to reliance on Ramey's highly competent staff and the other attorneys at the Ramey LLP firm, Ramey also used resources including litigation support services from AiPi, including Eric Morehouse, Erik Lund, Ken Sheets, and a team of technical staff that Morehouse said would help with the claim charts. Shortly after Ramey LLP began

---

[1] Declaration of William P. Ramey, III ("Ramey Decl.") at ¶2.
[2] Ramey Decl. at ¶4.
[3] Ramey Decl. at ¶5; Ex. D (top e-mail).

1

working with AiPi, Ramey visited Morehouse at AiPi's office located at 11718 Bowaman Green Drive, Reston, VA 20190 and personally met the lawyers and some of what Ramey was told was the technical staff. Later, after the lawyers with AiPi joined Whitestone Law, Jospeh Zito was added.[4]

Ramey LLP appeared in numerous AiPi matters. The full list of cases, organized by Case Group and including a status indicator of open or closed, that were collaborated on between Ramey LLP and AiPi's attorneys Morehouse, Lund, Sheets, and others, were:

    a. Lauri Valjakka ("Valjakka")

    b. Ward Participation BV ("Ward")

    c. SafeCast Ltd.

    d. Peter Pedersen ("Pedersen")

    e. ALD Social

    f. CTD Networks

    g. GateKeeper Solutions

    h. SLS Manager Tech

    i. Ask Sydney

    j. VIAAS

    k. Wrist SP Biotech LLC

    l. Ice Rover

    m. M4Siz ("collectivbely, "AiPi Related Cases").[5]

---

[4] Ramey Decl. at ¶6.
[5] Ramey Decl. at ¶7.

Morehouse repeatedly referred to the Case Group entities as his clients and he provided legal services through AiPi for each, using Ramey LLP to make court appearances for each Case Group. One such Plaintiff Case Group was Ice Rover, Inc. AiPi owned, through investment vehicles, several of the other Case Group Plaintiffs, including at least, CTD Networks and ALD Social, and on information and belief, Gatekeeper Solutions, and SLS Manager Techn. Morehouse told Ramey that it was easier for him to buy a Case Group Entity because he could do with it what he wanted.[6]

Morehouse handled all direct client communication with Ice Rover. Ramey and Ramey LLP's attorneys worked through Morehouse, Lund and Sheets to speak with representatives of Ice Rover and perform the legal work.[7]

Ramey and Ramey LLP's common practice is to use the technical resources of our clients in helping to draft claim charts and review technical arguments. Ramey LLP employed 8 lawyers and one patent agent into Octobeer of 2023. Currently Ramey LLP employs 6 lawyers and the one patent agent. Typically, our clients provide additional technical resources for case assistance, as did AiPi, as explained in paragraphs 3-9. With AiPi, Ramey LLP also had additional legal help from attorneys with AiPi and then the same attorneys as they moved to Whitestone Law.[8]

Lawyers in Whitestone Law were very involved in the drafting of each of the cases for which there are pending motions for sanctions, including *ALD Social LLC v. Apple, Inc.*, 3:23-cv-02695 (N.D. Calif. April 21, 2023);[9] *CTD Networks, LLC v. Cisco Systems, Inc.*, 6:22-cv-010309 (W.D. Tx. Oct. 5, 2022);[10] *CTD Networks, LLC v. Microsoft Corporation*, 6:22-cv-01049 (W.D.

---

[6] Ramey Decl. at ¶8.
[7] Ramey Decl. at ¶12.
[8] Ramey Decl. at ¶10.
[9] Exhibit E.
[10] Exhibit F.

Tx. Oct. 6, 2022);[11] *CTD Networks, LLC v. Google LLC*, 6:22-cv-01042 (W.D. Tx. Oct. 6, 2022).[12] Attached as Exhibits E-H are true and correct copies of declarations filed in each of the above cases that specify Lund and Morehouse, working through AiPi, were involved with drafting of all of the documents that led to the Defendants filing motions for sanctions. Paragraphs 3-7 specify Lund and Morehouse's involvement in each declaration. These declarations were modified and approved by Lund. Attached as Exhibit I is a true and correct copy of an Order in *ALD Social LLC v. Apple, Inc*. denying the motion for fees.[13]

In late July of 2023, Ramey told Morehouse by phone that he needed and planned to stop all work for his matters including the Ice Rover matters. Morehouse asked Ramey not to withdraw as his attorneys would handle all of the drafting as Ramey LLP was not being paid. He told Ramey that he was having trouble raising money but Morehouse promised Ramey that it would be resolved shortly. This promise was repeated many times over the next few months.[14]

In August of 2023, Ramey again told Morehouse Ramey needed to withdraw from his matters if Ramey was not going to be paid. Morehouse agreed that Ramey should withdraw from all Case Group Entities except Valjakka, Ward, and Pedersen.[15] Attorneys with Morehouse's firm, Whitestone Law, began to enter appearances in the Ice Rover matters and Ramey LLP began to withdraw. Zito entered an appearance on September 15, 2023 in this matter, but had appeared in at least one other Ice Rover case in mid-August. By mid-August, it was Ramey's understanding that Jospeh Zito and Whitestone Law were handling all aspects of the Ice Rover Cases.[16] Ramey's

---

[11] Exhibit G.
[12] Exhibit H.
[13] Ramey Decl. at ¶9.
[14] Ramey Decl. at ¶15.
[15] Whitestone's lawyers did not initially enter an appearance in the CTD case group controlled by AiPi, thus preventing Rameyy LLP's withdraw, as shown in Exhibit J, a true and correct copy of an October 13, 2023 e-mail chain.
[16] Ramey Decl. at ¶16.

understanding was confirmed by Exhibit C, a true and correct copy of an e-mail dated August 18, 2023 from Joseph Zito at Whitestone Law entering an appearance and serving discovery in a related Ice Rover case where Ramey LLP was co-counsel.[17]

To not potentially harm the client's case, Ramey waited until after Zito had appeared before Ramey reached out to the client to seek their approval to withdraw in the Ice Rover Case Group based on AiPi's failure to pay. Exhibit D is a true and correct copy of an e-mail chain including Ramey, Morehouse and Tom DeFrancia, a principal of Ice Rover, dated September 22, 2023. In response to the e-mail of Exhibit D, DeFrancia thanked Ramey for his work and stated that he was not opposed to Ramey LLP withdrawing. A formal motion to withdraw for Ramey and Ramey LLP was filed September 28, 2023.[18]

Until receipt of this Show Cause from the Court, Ramey was unaware that discovery had not been served. Ramey now understands that Lund and Sheets of Whitestone Law never served the discovery they prepared for this case and that Ice Rover has filed a motion providing that Ramey and Ramey LLP failed our duty to competently represent Ice Rover by not serving discovery. However at least by August 14, 2023, Ramey personally notified each of Morehouse, Lund and Sheets of the need to serve discovery in this case. Lund responded that he had it handled and his e-mail included a draft of the discovery to be sent, as shown in Exhibit A.[19]

## II.   RESPONSES TO COURT'S REQUIREMENTS

To answer the Court's requirements:

(1) Ramey is listed as counsel or lead counsel in 126 currently pending cases.[20]

---

[17] Ramey Decl. at ¶18.
[18] Ramey Decl. at ¶17.
[19] Ramey Decl. at ¶12; Ex. A.
[20] Ramey Decl. at ¶11.

5

(2) In the past 12 months, Ramey LLP has filed 217 cases.[21]

(3) Over the past three years, from 12/14/2020 to today, Section 285 sanctions[22] have been issued in:

1) Case No. 6:22-cv-00387, *Verna Ip Holdings, LLC v. Alert Media, Inc.* - Western District of Texas (No Appeal)
2) Case No. 2:17-cv-00042 (lead), 2:17-cv-00044, *Traxcell Technologies, LLC v. Huawei* - Eastern District of Texas (Under Appeal)
3) Case No. 2:17-cv-00718 (lead), 2:17-cv-00719 and 2:17-cv-00721, *Traxcell Technologies, LLC v. AT&T* – Eastern District of Texas (Under Appeal)
4) Case No. 3:22-cv-08711, *EscapeX IP LLC v. Google LLC* – Northern District of California (Under Appeal)
5) Case No. 3:22-cv-00970, *ZT IP v. VMware* – Northern District of Texas (No Appeal)
6) Case No. 2:18-cv-00156, *WPEM, LLC v. Soti Inc.* – Eastern District of Texas (No Appeal)[23]

(4) My Firm's search revealed the cases with fee motions currently pending include:[24]

1) Case No. 6:22-cv-00316, *LS Cloud Storage Technologies LLC v. Amazon.com* – Western District of Texas (Awaiting Order)
2) Case No. 6:22-cv-00261, *MCOM IP, LLC v Cisco* - Western District of Texas (Awaiting Order)
3) Case No. 6:22-cv-01042, *CTD Networks LLC v. Google LLC* – Western District of Texas (Awaiting Order) (No longer counsel of record as of December 13, 2023)
4) Case No. 6:22-cv-01049, *CTD Networks LLC v. Microsoft Corporation* - Western District of Texas (Awaiting Order) (No longer counsel of record as of December 13, 2023)
5) Case No. 6:22-cv-01039, *CTD Networks LLC v. Cisco Systems, Inc.* - Western District of Texas (Awaiting Order) (No longer counsel of record as of December 13, 2023)
6) Case No. 6:22-cv-00252, *Silent Communications, LLC v. BlackBerry* - Western District of Texas (Awaiting Order)
7) Case No. 1:22-cv-00484, *Wireless Discovery, LLC v. The Meet Group* – District of Delaware (Awaiting Order)
8) Case No. 1:22-cv-00480, *Wireless Discovery v. Eharmony* – District of Delaware (Awaiting Order)
9) Case NBo. 1:23-cv-01646, *Ortiz & Associates Consulting, LLC v. Lexmark International, Inc.* – District of Colorado (Briefing not Complete)[25]

---

[21] Ramey Decl. at ¶11.
[22] There have been no other type of sanction orders other than Section 285.
[23] Ramey Decl. at ¶11.
[24] One fee motion was recently denied, as shown in Exhibit I.
[25] Ramey Decl. at ¶11.

6

(5) Ramey LLP employed 8 lawyers and one patent agent into October of 2023. Currently Ramey LLP employs 6 lawyers and the one patent agent. Typically, our clients provide additional technical resources for case assistance, as did AiPi, as explained in paragraphs 3-9. With AiPi, we also had additional legal help from attorneys with AiPi and then the same attorneys as they moved to Whitestone Law.[26]

### III.   ARGUMENT

Whitestone Law's failure to serve discovery should not be imputed to Ramey or Ramey LLP because Ramey and Ramey LLP discharged its duty by advising Ice Rover's lawyers at AiPi, namely Morehouse, Ken Sheets ("Sheets") and Erik Lund ("Lund") by at least August 14, 2023 that discovery needed to be sent out in this case.[27] In multiple conversations preparing for the Markman Hearing in this case, Ramey personally conveyed to Morehouse, Lund and Sheets that discovery was needed.[28] Ramey was told AiPi's lawyers would handle it, as was the agreement. Attached as Exhibit A is a true and correct copy of an e-mail dated August 14, 2023 where Ramey reminded Ice Rover's attorneys with AiPi that discovery needed to be sent out. In the e-mail, Lund and Sheets states that they are handling the discovery. In fact, drafted discovery is attached to the e-mail and should have been sent out.[29]

Even though Ramey LLP was no longer being paid timely by AiPi, Ramey LLP continued to perform its legal obligations to the client. Exhibit B is a true and correct copy of an e-mail dated August 18, 2023 from Tina Hueske to Eric Morehouse, Erik Lund and Ken Sheets reminding them of discovery responses due soon in this matter. Ms. Hueske is a paralegal at Ramey LLP.[30]

---

[26] Ramey Decl. at ¶10.
[27] Ramey Decl. at ¶12.
[28] Ramey Decl. at ¶12.
[29] Ramey Decl. at ¶12.
[30] Ramey Decl. at ¶13.

Whitestone Law's false accusations against Ramey and Ramey LLP are likely due to the fact that AiPi was unable to raise funds. Ramey was initially confident in the support he received from AiPi and its attorneys but by the summer of 2023, the relationship began to sour when AiPi quit paying. Morehouse then formed Whitestone Law to move the Case Group related work in-house and quit paying for Ramey LLP's work. Morehouse told Ramey on multiple occasions he was having funding problems and asked Ramey not to withdraw from AiPi's cases as it would affect his ability to raise funds.[31]

Ramey and Ramrey LLP respectfully request that Ice Rover be allowed to serve its discovery late. Ramey LLP would not have missed the deadline had it remained as counsel for Ice Rover, especially considering the documents were already drafted.[32] Even though AiPi was not paying per the agreement for the legal services rendered by Ramey LLP, Ramey made certain to notify Lund, Sheets and Morehouse of the need for discovery in this case.[33] It is likely the error arose during the switch from Ramey LLP to Whitestone Law and was not intentional on the part of Zito, as he had served discovery in at least one related Ice Rover case and would have, or should have, known that discovery had not gone out in the other cases.[34]

The evidence establishes that there should be no dispute that attorneys from Whitestone Law were the ones who prepared the discovery documents in mid-August that should have been served.[35] Neither Ramey nor Ramey LLP can explain their failure to serve, especially as by September 13, 2023, Zito was serving discovery in related Ice Rover cases as shown in Exhibit C.

---

[31] Ramey Decl. at ¶14.
[32] Ramey Decl. at ¶19; Exhibit A.
[33] Ramey Decl. at ¶¶12, 20; Ex. A.
[34] Ramey Decl. at ¶17; Ex. C.
[35] Ramey Decl. at ¶12; Ex. A.

8

Morehouse and Zito's expressed animous and deliberate falsehoods towards me and my Firm are likely due to the fact that more than one of their former Case Group Entities have informed AiPi they do not want to work with them any longer and would rather work with me and my Firm. Further, at least one of the Case Group Entities has threatened legal action against AiPi and Morehouse because they were abandoned by AiPi and Morehouse at a critical time in their litigation. Further, my Firm has put AiPi, Morehouse and Whitestone Law on Notice of the fees they owe.

Ramey's failure to appear at the May 9, 2023 Status Conference was his mistake as it was on his calendar but was accidently missed. Ramey is not deflecting any responsibility for the error. There is no excuse and Ramey is apologizing to the Court. After the hearing was missed, Ramey and Ramey LLP reviewed docketing procedures at the weekly meeting to ensure such a mistake does not happen again by modifying reminders for hearings.[36]

Ramey and Ramey LLP further request that the Court not refer Ramey to the Court's Committee on Conduct. Ramey acknowledges that there was a missed appearance and apologizes. Steps have been taken to ensure future compliance by improving Ramey LLP's procedures.[37]

As for the comments from Whitestone Law, Ramey has tried to take the high road, and not trash talk or accuse Whitestone Law or its attorneys of submitting false information to the Court. However, the record evidence establishes that by August 14, 2023, Lund, Sheet and Morehouse were aware that discovery needed to go out in this case.[38] In fact, drafted discovery was attached to the e-mail communication. Moreover, Jospeh Zito was serving discovery in a related Ice Rover

---

[36] Ramey Decl. at ¶23.
[37] Ramey Decl. at ¶23.
[38] Ramey Decl. at ¶12; Ex. A.

9

case on September 13, 2023.[39]  It belies belief that Whitestone Law was unaware that discovery was needed in this case before it filed its motion to Modify Scheduling Order on November 26, 2023.[40] Therefore, neither Ramey or Ramey LLP should be sanctioned by this Court or referred to Court's Committee on Conduct as their duty was properly discharged and the matters were not neglected.

## IV.     CONCLUSION

For the foregoing reasons, Ramey and Ramey LLP respectfully requests that it not be sanctioned or referred to the Court's Committee on Conduct.

Respectfully Submitted

**Ramey LLP**

*/s/William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
wramey@rameyfirm.com

***Formally Attorneys for Ice Rover, Inc.***

---

[39] Ramey Decl. at ¶18; Ex. C.
[40] Doc. No. 51.

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of December 14, 2023, with a copy of the foregoing via email.

<i>/s/ William P. Ramey, III</i><br>William P. Ramey, III