IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-1986-RM-NRN

CALIFORNIA INNOVATIONS, INC.

 Plaintiff

v.

ICE ROVER, INC.,

 Defendant.

## DECLARATION OF WILLIAM P. RAMEY, III

I, William Ramey, declare as follows:

 1. My name is William P. Ramey, III. I am over the age of 21. I have personal knowledge of the facts contained herein, which are true and correct. If called as a witness, I could competently testify to these statements.

 2. I am licensed to practice law in the state of Texas and am an attorney with the law firm of Ramey LLP. I previously represented the Plaintiff in the above-captioned lawsuit. I am admitted to this District.

 3. On September 14, 2021, Ramey LLP, I was approached by a colleague for a co-counsel opportunity on a series of patent infringement cases. The colleague introduced me to Eric Morehouse ("Morehouse") of AiPi Solutions (later changed to AiPi, Inc.) ("AiPi").

1

4. Morehouse introduced himself and his company as a patent litigation funder and law firm.[1] He explained that he had a series of investors that helped him finance patent litigation. He explained that he was able work as a lawyer from his firm and a funder under AiPi.

5. In November of 2021, Morehouse said he wanted to work with me and Ramey LLP. He proposed a financial arrangement whereby Ramey LLP would enter the appearances and assist with case work but his internal attorneys and staff would handle the majority of the drafting, including discovery. Neither I nor Ramey LLP ever represented AiPi directly, Morehouse told Ramey that he could make it work with his lawyers, later known as Whitestone Law, PLLC ("Whitestone"), helping with the legal work from drafting the cases through trial. Morehouse told me he viewed the entities within each Plaintiff Case Group as his personal clients.

6. Ramey LLP and I began to enter appearances in cases that were already filed and in new cases as they were filed. In addition to reliance on my highly competent staff and the other attorneys at the Ramey LLP firm, I also used resources including litigation support services from AiPi, including Eric Morehouse, Erik Lund, Ken Sheets, and a team of technical staff that Morehouse said would help with the claim charts. Shortly after Ramey LLP began working with AiPi, I visited Morehouse at AiPi's office located at 11718 Bowaman Green Drive, Reston, VA 20190 and personally met the lawyers and some of what I was told was the technical staff. Later, after the lawyers with AiPi joined Whitestone Law, Jospeh Zito was added.

7. The full list of cases, organized by Case Group and including a status indicator of pending or closed is included as an attachment to this declaration, that were collaborated on between Ramey LLP and AiPi's attorneys Morehouse, Lund, Sheets, and others, were:

---

[1] Morehouse later formed Whitestone Law, PLLC, comprised primarily of attorneys from AiPi.

    a.  Lauri Valjakka ("Valjakka")

    b.  Ward Participation BV ("Ward")

    c.  SafeCast Ltd.

    d.  Peter Pedersen ("Pedersen")

    e.  ALD Social

    f.  CTD Networks

    g.  GateKeeper Solutions

    h.  SLS Manager Tech

    i.  Ask Sydney

    j.  VIAAS

    k.  Wrist SP Biotech LLC

    l.  Ice Rover

    m.  M4Siz ("collectively, "AiPi Related Cases").

8.    Morehouse repeatedly referred to the Case Group entities as his clients and he provided legal services through AiPi for each, using Ramey LLP to make court appearances for each Case Group. One such Plaintiff Case Group was Ice Rover, Inc. AiPi owned, through investment vehicles, several of the other Case Group Plaintiffs, including at least, CTD Networks and ALD Social, and on information and belief, Gatekeeper Solutions, and SLS Manager Techn. Morehouse told me that it was easier for him to buy a Case Group Entity because he could do with it what he wanted.

9.    I find it very odd that Ice Rover's counsel Jospeh Zito complains of actions largely initiated by documents drafted by lawyers in Whitestone Law, namely *ALD Social LLC v. Apple, Inc*., 3:23-

cv-02695 (N.D. Calif. April 21, 2023);[2] *CTD Networks, LLC v. Cisco Systems, Inc.*, 6:22-cv-010309 (W.D. Tx. Oct. 5, 2022);[3] *CTD Networks, LLC v. Microsoft Corporation*, 6:22-cv-01049 (W.D. Tx. Oct. 6, 2022);[4] *CTD Networks, LLC v. Google LLC*, 6:22-cv-01042 (W.D. Tx. Oct. 6, 2022).[5] Attached as Exhibits E-H are true and correct copies of declaartions filed in each of the above cases that specify Lund and Morehouse, working through AiPi, were involved with drafting of all of the documents that led to the Defendants filing motions for sanctions. Paragraphs 3-7 specify Lund and Morehouse's involvement in each declaration. These declarations were modified and approved by Lund. Attached as Exhibit I is a true and correct copy of an Order in *ALD Social LLC v. Apple, Inc*. denying the motion for fees.

10. It is my Firm's common practice to use the technical resources of our clients in helping to draft claim charts and review technical arguments. My firm employed 8 lawyers and one patent agent into October of 2023. Currently my Firm employs 6 lawyers and the one patent agent. Typically, our clients provide additional technical resources for case assistance, as did AiPi, as explained in paragraphs 3-9. With AiPi, we also had additional legal help from attorneys with AiPi and then the same attorneys as they moved to Whitestone Law.

11. In the past 12 months, my Firm has filed 217 cases. I am listed as counsel or lead counsel in 126 currently pending cases. Over the past three years, from 12/14/2020 to today, Section 285 sanctions have been issued in:

1) Case No. 6:22-cv-00387, *Verna Ip Holdings, LLC v. Alert Media, Inc.* - Western District of Texas (No Appeal)
2) Case No. 2:17-cv-00042 (lead), 2:17-cv-00044, *Traxcell Technologies, LLC v. Huawei* - Eastern District of Texas (Under Appeal)

---

[2] Exhibit E.
[3] Exhibit F.
[4] Exhibit G.
[5] Exhibit H.

3) Case No. 2:17-cv-00718 (lead), 2:17-cv-00719 and 2:17-cv-00721, *Traxcell Technologies, LLC v. AT&T* – Eastern District of Texas (Under Appeal)
4) Case No. 3:22-cv-08711, *EscapeX IP LLC v. Google LLC* – Northern District of California (Under Appeal)
5) Case No. 3:22-cv-00970, *ZT IP v. VMware* – Northern District of Texas (No Appeal)
6) Case No. 2:18-cv-00156, *WPEM, LLC v. Soti Inc.* – Eastern District of Texas (No Appeal)

My Firm's search revealed the cases with fee motions currently pending include:

1) Case No. 6:22-cv-00316, *LS Cloud Storage Technologies LLC v. Amazon.com* – Western District of Texas
2) Case No. 6:22-cv-00261, *MCOM IP, LLC v Cisco* - Western District of Texas
3) Case No. 6:22-cv-01042, *CTD Networks LLC v. Google LLC* – Western District of Texas
4) Case No. 6:22-cv-01049, *CTD Networks LLC v. Microsoft Corporation* - Western District of Texas
5) Case No. 6:22-cv-01039, *CTD Networks LLC v. Cisco Systems, Inc.* - Western District of Texas
6) Case No. 6:22-cv-00252, *Silent Communications, LLC v. BlackBerry* - Western District of Texas
7) Case No. 1:22-cv-00484, *Wireless Discovery, LLC v. The Meet Group* – District of Delaware
8) Case No. 1:22-cv-00480, *Wireless Discovery v. Eharmony* – District of Delaware
9) Case No. 1:23-cv-01646, *Ortiz & Associates Consulting, LLC v. Lexmark International, Inc.* – District of Colorado

12.     Morehouse handled all direct client communication with Ice Rover. I and Ramey LLP's attorneys at Ramey LLP worked through Morehouse, Lund and Sheets to speak with representatives of Ice Rover and perform the legal work. In multiple conversations preparing for the Markman Hearing in this case, I personally conveyed to Morehouse, Lund and Sheets that we needed to send out discovery in this case. I was told AiPi's lawyers would handle it, as was the agreement. Attached as Exhibit A is a true and correct copy of an e-mail dated August 14, 2023 where I reminded Ice Rover's attorneys with AiPi that discovery needed to be sent out. In the e-mail, Erik Lund and Ken Sheets state that they are handling the discovery.

5

13. Exhibit B is a true and correct copy of an e-mail dated August 18, 2023 from Tina Hueske to Eric Morehouse, Erik Lund and Ken Sheets reminding them of discovery responses due soon in this matter.  Ms. Hueske is a paralegal at Ramey LLP.

14. At first, I was confident in the support I received from AiPi and its attorneys but by the summer of 2023, the relationship began to sour when AiPi quit paying.  Morehouse then formed Whitestone Law to move the Case Group related work in-house and quit paying for Ramey LLP's work. Morehouse told me on multiple occasions he was having funding problems and asked me not to withdraw from AiPi's cases as it would affect his ability to raise funds.

15. In late July of 2023, I told Morehouse by phone that I needed and planned to stop all work for his matters including the Ice Rover matters.  Morehouse again asked me not to withdraw as his attorneys would handle all of the drafting as my firm was not being paid.  He told me that he was having trouble raising money but he promised me that it would be resolved shortly.  This promise was repeated many times over the next few months.

16. In August of 2023, I again told Morehouse I needed to withdraw from his matters if I was not going to be paid. He agreed that I should withdraw from all Case Group Entities except Valjakka, Ward, and Pedersen.[6]  Attorneys with Morehouse's firm, Whitestone Law began to enter appearances in the Ice Rover matters and my firm began to withdraw.  Zito entered an appearance on September 15, 2023 in this matter, but had appeared in at least one other Ice Rover case in mid-August.  By mid-August, it was my understanding that Jospeh Zito and Whitestone Law were handling all aspects of the Ice Rover Cases.

---

[6] Whitestone's lawyers did not initially enter an appearance in the CTD case group controlled by AiPi, thus preventing Ramey LLP's withdraw.

6

17. To not potentially harm the client's case, I waited until after Zito had appeared before I reached out to the client to seek their approval to withdraw in the Ice Rover Case Group based on AiPi's failure to pay. Exhibit D is a true and correct copy of an e-mail chain including me, Morehouse and Tom DeFrancia, a principal of Ice Rover, dated September 22, 2023. In response to the e-mail of Exhibit D, DeFrancia thanked me for my work and stated that he was not opposed to my firm withdrawing. A formal motion to withdraw for me and my firm was filed September 28, 2023.

18. Exhibit C is a true and correct copy of an e-mail dated August 18, 2023 from Joseph Zito at Whitestone Law entering an appearance and serving discovery in a related Ice Rover case where my firm was co-counsel.

19. I understand that Erik Lund of Whitestone Law never served the discovery he prepared for this case and Ice Rover has filed a motion providing that my Firm failed our duty to competently represent them for not serving discovery. I am appalled at such a representation given the documented proof that at least by August 14, 2023, I personally had notified each of Morehouse, Lund and Sheets of the need to serve discovery in this case. Lund responded that he had it handled and his e-mail included a draft of the discovery to be sent, as shown in Exhibit A.

20. I am hopeful that Ice Rover is allowed to serve its discovery late because had I remained as counsel for Ice Rover, service of the documents Lund prepared would not have been missed. Even though AiPi was not paying per our agreement for the legal services rendered by my Firm, I made certain to notify Lund, Sheets and Morehouse of the need for discovery in this case. I am confident the error arose during the switch from Ramey LLP to Whitestone Law and was not intentional on the part of Zito, as he had served discovery in at least one related Ice Rover case and would have, or should have, known that discovery had not gone out in the other cases. My

assumption is further supported given the attorneys from Whitestone Law were the ones who prepared the discovery documents in mid-August that should have been sent.  I cannot explain their failure to serve, especially as by September 13, 2023, Zito was serving discovery in related Ice Rover cases as shown in Exhibit C.

21. As of this date, I and my Firm have been able to withdraw from all of the AiPi Related Cases except for the Valjakka, Pedersen, Ward cases and the reminaing CTD Cases.  Each of Pedersen, Ward and Valjakka have informed me that they have a funding agreement with AiPi whereby AiPi pays litigation related expenses.  AiPi ceased paying litigation related expenses for each of these Case Group Entities in the summer of 2023 even though each of these Case Groups were in critical periods of litigation.  My Firm has remained counsel even though we are unpaid.

22. Morehouse and Zito's expressed animous and deliberate falsehoods towards me and my Firm are likely due to the fact that more than one of their former Case Group Entities have informed AiPi they do not want to work with them any longer and would rather work with me and my Firm.  Further, at least one of the Case Group Entities has threatened legal action against AiPi and Morehouse because they were abandoned by AiPi and Morehouse at a critical time in their litigation.  Further, my Firm has put AiPi, Morehouse and Whitestone Law on Notice of the fees they owe.

23. My failure to appear at the May 9, 2023 Status Conference was my mistake as it was on my calendar but was accidently missed.  There is no excuse and I apologize to the Court.  After the hearing was missed, we reviewed docketing procedures at the weekly meeting to ensure such a mistake does not happen again by modifying reminders for hearings.

24. Exhibit I is a true and correct copt of an Order denying a motion for fees in *ALD Social v. Apple*, Case No. 23-cv-2695, pending in the Northern District oif California.

25. Exhibit J is a true and correct copy of an e-mail chain dated October 13, 2023 between me representatives of AiPi concerning the CTD Case Group Entity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 14, 2023.       _____

William P. Ramey, III