Susan S.Q. Kalra (California State Bar No. 167940)
Email: skalra@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (800) 993- 7499
Fax: (832) 900-4941

William P. Ramey, III (pro hac vice anticipated)
Email: wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorneys for Plaintiff*
ALD SOCIAL, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ALD SOCIAL, LLC,<br><br>       Plaintiff,<br> v.<br><br>APPLE, INC.,<br><br>       Defendant. | Case No.: 23-cv-02695 JSC<br><br>**DECLARATION OF WILLIAM P. RAMEY, III IN SUPPORT OF PLAINTIFF ALD SOCIAL, LLC'S OPPOSITION TO DEFENDANT APPLE INC.'S MOTION FOR ATTORNEY FEES AND SANCTIONS**<br><br>Date: November 30, 2023<br><br>Time: 10:00 a.m.<br><br>Courtroom: 8 - 19th Floor<br><br>Judge Jacqueline S. Corley |

1

## DECLARATION OF WILLIAM P. RAMEY, III

I, William Ramey, declare as follows:

1. My name is William P. Ramey, III. I am over the age of 21. I have personal knowledge of the facts contained herein, which are true and correct. If called as a witness, I could competently testify to these statements.

2. I am licensed to practice law in the state of Texas and am an attorney with the law firm of Ramey LLP. I represent the Plaintiff in the above-captioned lawsuit.

3. In addition to reliance on my highly competent staff and the other attorneys at the Ramey LLP firm, I also used resources including litigation support services from AiPi, including Eric Morehouse and Erik Lund. I am confident in the support I receive and receved from AiPi because these individuals are experienced patent professionals.

4. Morehouse is a licensed attorney in Virgina now practicing with Whitestone Law, 1850 Towers Crescent Plaza, Suite 550, Tysons, VA 22182, with over 20 years as a patent attorney drafting claim charts and comparing infringing products. Lund is a licensed attorney in Virgina also practicing with Whitestone Law with years drafting claim charts and comparing infringing products.

5. Ramey LLP began working with Morehouse and Lund on a series of patent infringement cases in November of 2021.

6. Under the agreement between AiPi and Ramey LLP, Morehouse and Lund collaborated on the drafting and filing of new lawsuits, responses to motions, and all other case activities.

7. From September 7, 20022, until the case was filed on September 16, 2022, I worked on these matters with my staff and the staff at AiPi. Then, after I reached an opinion that the claim charts were sufficient and the complaint adequate, Ramey LLP filed the Lawsuit.

8. On October 11, 2023, Apple moved to dismiss the complaint[1] but withdrew this motion on October 13, 2023, without explanation.[2] On November 29, 2022, Apple moved again to dismiss the Original complaint.[3] On March 30, 2023, Apple moved to transfer the case to this Court.[4] After reviewing the motion and considering the burden to fight it, ALD did not respond.

9. ALD attempted, in good faith, following proper claim construction canons in pleading for the term "aggregation of current locations."[5] ALD's position on the term is that "current" refers to the data when collected, i.e. it is collected from the current location of the wireless device. ALD based its proposed construction, at the pleading stage, on references in the specification:

- Current location services are generally focused on individual wireless device user applications. Doc. No. 55-1 at col. 1, ln. 28-29 ("1:28-29");

- Current location information be obtained from the wireless devices themselves. Doc. No. 55-1 at 2:65-66;

- In the event of a possible or probable or current public safety risk. Doc. No. 55-1 at 4:55-56; and,

- Historical databases preferably store sets of aggregate current location information pertaining to trackable wireless devices. 4:59-61.

---

[1] Doc. No. 13.
[2] Doc. No. 16.
[3] Doc. No. 21, *generally*.
[4] Doc. No. 27.
[5] Doc. No. 62.

Based on the specification cites, given that no claim construction has occurred, ALD believed a plausible reading of current is not that it must be contemporaneous, but rather that it describes the type of data collected from the wireless devices or that current means "possible or probable" when used with risk. ALD strongly believed in its position because that is what ALD thought the specification described. ALD fully acknowledges the Court found otherwise and based on the Court's Order dismissing the case, ALD dropped the '158 patent completely. In other words, ALD attempted to fully comply with the Court's Order, but prior to that Order ALD was operating on a good faith belief on what the patent specification taught. ALD believed it had a good faith claim construction position when it filed the suit as none of the constructions run contrary to what ALD believed was taught by the specification.

10. ALD further responded by providing: for "crowd risk" determinant:

> Apple's Exposure Notifications System includes an algorithm for determining risk after finding a match from the key data. The Exposure Notifications System can use the algorithm to determine exposure risk value based on risk parameters including but not limited to exposure proximity and duration
>
> Referring to ADL's claim charts, parts of which have been specifically referenced above, Apple's Accused Instrumentalities monitor every interaction between two or more people, including crowded gatherings of any kind, and assesses the individual and unique risk of COVID-19 exposure of every individual in the crowd [considering factors such as each individual's distance from the person identified as having COVID-19 and the length time of each contact], thus determining and assessing "crowd risk". Then, the Accused Instrumentalities calculates the individual risk of every member of the crowd and provides each individual with a notice of exposure.[6]

and for "location aggregator," ALD provided:

---

[6] Doc. No. 23 at 9.

Referring to the claim charts to the '054 and '158 Patents:

> Apple's Exposure Notifications System includes an algorithm for determining risk after finding a match from the key data. The Exposure Notifications System can use the algorithm to determine exposure risk value based on **risk parameters including but not limited to exposure proximity** and duration.[14]

> As alleged in ALD's Complaint and claim charts, the Accused Instrumentalities measure the distance between an individual with COVID-19 and every other member of the crowd or group

[7], in the good faith belief that its pleadings provided fair notice to Apple. ALD and its counsel acknowledge that the Court found otherwise.

11. After the Court dismissed Plaintiff's complaint, Ramey LLP worked with his resources to revise the claim charts in accordance with the Court's Order. The amended pleading was filed August 14, 2023.[8]

12. Substantial changes were made to each of the charts included with the First Amended Complaint in a good faith effort to fully comply with the Court's Order.

13. Exhibit A is a true and correct copy of a comparison claim chart of the Original Claim chart for the '054 patent submitted with the Original Complaint and the New Claim Chart submitted with the First Amended Complaint.

14. Apple again moved to dismiss the complaint.[9] Apple sent a safe harbor rule 11 letter and ALD dismissed its complaint. ALD conferred with Apple about complete case dismissal, to bargain for dismissal with each party bearing its own fees and cocts. ALD informed Apple that they were dismissing the case to conserve resources, before judicial intervention. ALD did not

---

[7] Doc. No. 23 at 9.
[8] Doc. No. 51 and 51-1.
[9] Doc. No. 49.

want the parties tgo incur the expense of the hearing. However, Apple responded that they reserved the right to see its fees and costs.

15. Plaintiff is appealing the fee award in *EscapeX IP LLC v. Google LLC*, 2023 WL 5257691, at *2 (N.D. Cal. Aug. 16, 2023) and *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 1:18-cv-05880, Dkt. 167 (S.D.N.Y. Nov. 12, 2019) was a magistrate's recommendation was never adopted by the district court and never became a final order.

16. It is our customary practice to adjust settlement offers going forward in a case based on several factors, including the stage of the case and other inflection points, such as hearings, in an attempt to always leave open the possibility of settlement. Typically, the longer a case is active, the higher the demand.

17. ALD was prepared to test the merits of its case. However, the case never went past the pleading stage.

18. Exhibit B is atrue and correct copy of an e-mail dated October 20, 2022, from me to Stephen Burbank, copunsel for Defendant.

19. Exhibit C is a true and correct copy of an e-mail dated March 29, 2023, from Jennifer Przbylski to me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 31, 2023.

William P. Ramey, III