IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **CTD NETWORKS, LLC,** ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 6:22-cv-01049-XR |
| v. ) | |
| ) | |
| **MICROSOFT CORPORATION** ) | |
| **Defendant.** ) | |

### DECLARATION OF WILLIAM P. RAMEY, III

I, William P. Ramey, III, declare as follows:

1. My name is William P. Ramey, III. I am over the age of 21. I have personal knowledge of the facts contained herein, which are true and correct. If called as a witness, I could competently testify to these statements.

2. I am licensed to practice law in the state of Texas and am an attorney with the law firm of Ramey LLP. I represent the Plaintiff in the above-captioned lawsuit.

3. In addition to reliance on my highly competent staff and the other attorneys at the Ramey LLP firm, I also used resources including litigation support services from AiPi, including Eric Morehouse and Erik Lund. I am confident in the support I receive and receved from AiPi becauser these individuals are experienced patent professionals.

4. Morehouse is a licensed attorney in Virgina now practicing with Whitestone Law, 1850 Towers Crescent Plaza, Suite 550, Tysons, VA 22182, with over 20 years as a patent attorney drafting claim charts and comparing infringing products. Lund is a licensed attorney in Virgina also practicing with Whitestone Law with years drafting claim charts and comparing infringing products.

1

5. Ramey LLP began working with Morehouse and Lund on a series of patent infringement cases in November of 2021.

6. Under the agreement between AiPi and Ramey LLP, Morehouse and Lund collaborated on the drafting and filing of new lawsuits, responses to motions, and all other case activities.

7. From September 10, 20022, until the case was filed on October 6, 2022, I worked on these matters with my staff and the staff at AiPi. During that review, because of the standing order in the Waco division, we left out the indirect infrinmgement claim until discovery. It was my intention at the time to add the indirect infringement claim if we could show knowledge after the start of discovery. Then, after I reached an opinion that the claim charts were sufficient and the complaint adequate, Ramey LLP filed the Lawsuit.

8. On December 30, 2022, Microsoft moved to dismiss the first amended complaint.[1]

9. CTD responded by providing:

> CTD acknowledges and agrees with Microsoft that it has identified a number of Microsoft programs it its Complaint and Claims Charts.[6] That said, as made clear in its Claim Charts[7], Microsoft has placed the accused system known as "Microsoft Security" or "Microsoft Cloud Security Services," as a whole into service and benefits from each element, and thus is a direct infringer.[8] *See* https://www.microsoft.com/en-us/security (Microsoft Security presented as one cohesive system offering "solutions," "products," and "services." "At this stage of the litigation a plaintiff is only required to plead enough facts to enable a court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.' (citing *Iqbal*, 556 U.S. at 678); *id.* at 1336 (noting that 'as long as the complaint ... meets the requirements of Form 18, the complaint has sufficiently pled direct infringement'). *Pat. Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-CV-229, 2012 WL 10978964, at *4 (E.D. Tex. July 27, 2012).[2]

---

[1] Doc. No. 13, *generally*.
[2] Doc. No. 19 at 4.

10. In its response, CTD asked to amend the pleadings if the Court was inclined to dismiss and through a subsequent opposed motion for leave.[3]

11. After the Court dismissed Plaintiff's complaint, Ramey LLP worked with his resources to revise the claim charts in accordance with the Court's Order and comments from the April 10, 2023 hearing. The amended pleading was filed April 21, 2023.[4]

12. Substantial changes were made to each of the charts included with the First Amended Complaint in a good faith effort to fully comply with the Court's Order.

13. Exhibit A is a true and correct copy of a comparison claim chart of the Original Claim chart for the '442 patent submitted with the Original Complaint and the New Claim Chart submitted with the First Amended Complaint.

14. Exhibit B is a true and correct copy of a comparison claim chart of the Original Claim chart for the '470 patent submitted with the Original Complaint and the New Claim Chart submitted with the First Amended Complaint.

15. Exhibit C is a true and correct copy of a comparison claim chart of the Original Claim chart for the '614 patent submitted with the Original Complaint and the New Claim Chart submitted with the First Amended Complaint.

16. Exhibit D is a true and correct copy of a comparison claim chart of the Original Claim chart for the '974 patent submitted with the Original Complaint and the New Claim Chart submitted with the First Amended Complaint.

17. In an effort to cure the defects the Court noted with regards to willful infringement, CTD attached a copy of a powerpoint that it provided to Microsoft on February 2, 2021.[5]

---

[3] Doc. No. 19 at 9 and Doc. No. 31.
[4] Doc. No. 39 and 39-1.
[5] Doc. No. 41-1.

18. Microsoft again moved to dismiss the complaint and the Court granted the Motion.[6]

19. Ex. E is a true and correct copy of the Notice of appeal file in this case.

20. Ex. F, is a true and correct copy of an October 22, 2022 e-mail to Nicholas Kim conveying a settlement offer (filed under seal). It is our customary practice to adjust settlement offers going forward in a caes based on several factors, including the stage of the case and other inflection points, such as hearings, in an attempt to always leave open the possibility of settlement. Typically, the longer a case is active, the higher the demand.

21. CTD was prepared to test the merits of its case.

22. While Microsoft alleges that Ramey LLP has filed 222 other patent infringement lawsuits, each of those lawsuits was filed after adequate diligence and with a firm belief that each had merit and concerned different, unrelated plaintiffs and different, unrelated patents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 23, 2023.   _____

William P. Ramey, III

---

[6] Doc. No. 44.