UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALD SOCIAL, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>APPLE, INC.,<br><br>  Defendant. | Case No.  23-cv-02695-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND SANCTIONS**<br><br>Re: Dkt. Nos. 60, 62, 64, 65 |

ALD Social sued Apple for patent infringement.  (Dkt. No. 51.)[1]  On October 3, 2023, ALD Social voluntarily dismissed its suit with prejudice.  (Dkt. No. 59.)  Before this Court is Apple's motion for attorneys' fees and sanctions.  (Dkt. No. 62.)  Having carefully considered the briefing, and with the benefit of oral argument on November 30, 2023, the Court DENIES the motion.  While the Court ultimately agreed with Apple that the case lacked merit, Apple fails to show by a preponderance of the evidence ALD Social's conduct in this case warrants an exceptional case finding.

## BACKGROUND

ALD Social originally sued Apple for infringement of two patents directed to systems to detect crowd safety risks and alert emergency personnel of such risks: U.S. Patent Nos. 9,198,054 ("the '054 patent") and 9,402,158 ("the '158 patent").  The Court dismissed Apple's original complaint with leave to amend.  The Court held the documents ALD Social attached to the complaint are inconsistent with the Accused Product satisfying the Asserted Patents' "crowd risk determinant" limitation or the '158 patent's "aggregation of current locations" limitation.  (Dkt.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

No. 49 at 12, 15.) ALD Social filed an amended complaint on August 14, 2023, asserting only the '054 patent. (Dkt. No. 51.) Apple moved to dismiss the amended complaint on August 28, 2023. (Dkt. No. 53.) Three days before the hearing on Apple's motion to dismiss, ALD Social voluntarily dismissed its claims as to the '054 and '158 patents without prejudice. (Dkt. No. 57.) Because ALD Social's voluntary dismissal was without prejudice, the hearing on Apple's motion to dismiss remained on calendar. (Dkt. No. 58.) Less than two hours after the Court notified the parties the hearing was still on, ALD Social voluntarily dismissed its claims as to the '054 and '158 patents with prejudice. (Dkt. No. 59.) Apple now moves for attorneys' fees and requests ALD Social, its counsel, and AiPi Solutions be held jointly and severally liable for attorneys' fees. (Dkt. No. 62.)

## DISCUSSION

Apple seeks to recover attorneys' fees pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent authority.

### A. Attorneys' Fees Under 35 U.S.C. § 285

Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

> [A]n "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). A district court's case-by-case analysis could consider such factors as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at n.6. "Federal Circuit precedent applies to a district court's decision to award fees pursuant to § 285." *Realtime Adaptive Streaming LLC v. Netflix, Inc.*, 41 F.4th 1372, 1378 (Fed. Cir. 2022).

Apple is the prevailing party because ALD Social voluntarily dismissed its claims with prejudice. *United Cannabis Corp. v. Pure Hemp Collective Inc.*, 66 F.4th 1362, 1367-68 (Fed.

2

Cir. 2023).  Apple must demonstrate it is entitled to § 285 fees by a preponderance of evidence. *Id.* at 1366.

Apple argues ALD Social's failure to conduct an adequate pre-suit investigation renders this case exceptional on the grounds 1) no reasonable construction of the '158 patent's "required aggregation of 'current location' could expand it to cover the accused aggregation of location from 'a few days later,'" 2) ALD Social's cited documents demonstrate the Accused Product does not meet the Asserted Patents' "crowd risk determinant" limitation, and 3) ALD Social's improper choice of venue in the Western District of Texas.  (Dkt. Nos. 65-3 at 17-20, 67 at 6.)  Pre-suit diligence is a factor that may be considered in the totality-of-circumstances analysis of whether a case is exceptional.  *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1307 (Fed. Cir. 2017).  At a minimum, competent pre-suit investigation into infringement requires a party "interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement."  *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004).

### 1. ALD Social's Allegations as to "Aggregation of Current Locations"

The '158 patent requires "aggregation of current locations of a plurality of physical wireless devices associated with said potential viral event." '158 patent, col. 9 ll. 22-25.  In its original complaint, ALD Social failed to plausibly plead the Accused Product satisfied the "aggregation of current locations" limitation of the '158 patent "[b]ecause the documents ALD Social attached to its complaint showed the Accused Product does not aggregate current locations of mobile devices associated with positive COVID-19 diagnoses to indicate coronavirus exposure."  (Dkt. No. 49 at 12.)  The Court explained:

> [a]ccording to Plaintiff's claim charts and attached documents, the Accused Product does not aggregate current locations of mobile devices to indicate a potential viral event.  Rather, Plaintiff's claim charts and attached documents show the Accused Product indicates a viral event based on reported COVID-19 diagnoses and proximity data recorded from past interactions among mobile devices.  When a user voluntarily reports a positive COVID-19 result, the Accused Product uploads the last 14 days of their beacon keys to the key server and notifies devices that encountered the infected user's device of their past, though recent, exposure.

3

(*Id.*) In its opposition to Apple's first motion to dismiss, (Dkt. No. 21), ALD Social failed to address the "current locations" requirement of the '158 patent. (Dkt. No. 23.) In its First Amended Complaint, "[t]o address the 'aggregation of current locations,' from the '158 patent, ALD [Social] dropped assertion of the '158 patent." (Dkt. No. 66 at 11.)

Apple insists the Court's conclusion and Plaintiff's decision to drop the '158 patent from the case shows Plaintiff did not engage in any meaningful pre-suit investigation. The Court is unpersuaded. After Apple moved to dismiss the original complaint, but before any court ruling on the motion, it wrote ALD Social urging it to dismiss its case for lack of merit. In particular, Apple argued every asserted claim requires a "location aggregator," but the Accused Product's documentation of the EN functionality shows EN does not use location. (Dkt. No. 63-9 at 3.) This Court, however, concluded the complaint plausibly alleged facts supporting the "location aggregation" limitation of the Asserted Patents. (Dkt. No. 49 at 12.) So, while Apple's motion for sanctions focuses on the "aggregation of current locations" limitation, its letter to ALD Social did not. Apple is essentially arguing ALD Social should have decided not to file suit based on a claim construction Apple did not emphasize with ALD Social as a reason ALD Social should dismiss in advance of a ruling on Apple's motion to dismiss. To hold this conduct supports an exceptional case determination would mean every case in which a court grants a 12(b)(6) motion based on a claim construction supports an exceptional case finding. Such a holding would remove "exceptional" from the statute, especially when, as here, the plaintiff dropped the claim after the court's first ruling.

**2. ALD Social's Allegations as to "Crowd Risk Determinant"**

In dismissing the original complaint, the Court concluded the complaint failed to plausibly allege the Accused Product infringed the Asserted Patents' "crowd risk determinant" limitation because the term "crowd risk" cannot plausibly be construed to include the likelihood of an individual's past exposure to COVID-19. (Dkt. No. 49 at 15.) While ALD Social dropped the '158 patent from its amended complaint, it realleged the '054 Patent, which also includes the "crowd risk determinant" limitation. ALD Social's amended complaint included a new theory as to why that limitation was met.

4

Apple insists there was no good faith basis to reassert the '054 patent with its "crowd risk determinant" limitation and therefore this is an exceptional case. The problem with this argument, however, is Apple made the same argument to ALD Social pursuant to Federal Rule of Civil Procedure 11. On September 13, 2023, it served ALD Social with Apple's Rule 11 sanctions motion. (Dkt. No. 63-13.) Consistent with Rule 11, Apple advised ALD Social it would file its sanctions motion unless ALD Social dismissed its entire case with prejudice within Rule 11's 21-day safe-harbor period, that is, by October 13, 2023. (*Id.*) ALD Social did just that. (Dkt. No. 59.) So, even though ALD Social complied with the Rule 11 procedure and dismissed its case, Apple wants the Court to find such conduct renders this an exceptional case warranting sanctions. Apple's position contradicts Rule 11. "The purpose of the safe harbor . . . is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading and thereby escape sanctions." *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998). Under Apple's reasoning, despite compliance with the safe harbor, ALD Social would not escape sanctions. Of course, a court might find an exceptional case fee award warranted if a plaintiff repeatedly files and then dismisses claims when faced with a Rule 11 motion. But such a record is not presently before the Court.

Further, if the Court were to adopt Apple's position under the facts of this case, rather than dismiss a case of debatable merit, a patent plaintiff might as well take its chances with the judge. The retort is not that Apple should not have served its Rule 11 motion: Apple's argument—there was no good faith basis for ALD Social's claim construction as applied to Apple's product—is exactly the type of argument Rule 11 is designed to address.

### 3. ALD Social's Choice of Venue

Finally, Apple argues ALD Social's choice of the Western District of Texas venue warrants "exceptional case" sanctions because the "complaint cited nothing plausibly establishing Apple made or offered the Exposure Notification system" in the Western District of Texas. (Dkt. No. 67 at 6.) "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Acts of infringement include the

unauthorized development, use, offer for sale, and sale of any patented invention.  35 U.S.C. § 271(a) ("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.").

ALD Social's original complaint alleged "[o]n information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Western District of Texas, and otherwise directs infringing activities to this District in connection with its products and services." (Dkt. No. 1 ¶ 3.)  Apple claims ALD Social should have gleaned from public information the Accused Product was not available in Texas. (Dkt. Nos. 65-3 at 13, 63-9 at 2-3.) But Apple fails to explain why adequate pre-suit investigation would have established Apple did not make the Accused Product in the Western District of Texas.

Apple also emphasizes ALD Social's refusal to agree to transfer the case to the Northern District of California, and then its failure to oppose Apple's motion to transfer.  It appears the parties met and conferred on March 23, but ALD Social failed to advise Apple by Apple's March 30 deadline of whether it would agree to transfer. (Dkt. Nos. 63 ¶ 2.)  While ALD Social should have at least replied to say it had no response, rather than ignore Apple, ALD Social's bad manners do not make this an exceptional case warranting fees.  So, ALD Social's choice of venue weighs neutrally in the analysis of whether this case is exceptional.

### 4. Apple's Cited Authorities are Distinguishable

The cases Apple cites do not persuade the Court sanctions are warranted.  No cited case awards sanctions in similar circumstances.  In some of the cases the court awarded Rule 11 sanctions, (Dkt. No. 62 at 18), but the Court cannot award Rule 11 sanctions here for the reasons explained above. In *ZT IP, LLC v. VMware, Inc.*, a simple internet search would have uncovered the accused product predated the patent, and thus the infringement claim was baseless. No. 3:22-CV-0970-X, 2023 WL 1785769 (N.D. Tex. Feb. 6, 2023).  So too in *EscapeX IP LLC v. Google LLC*, where "[a] basic online search would have revealed that the accused 'Auto Add' feature predated EscapeX's patent."  No. 22-CV-08711-VC, 2023 WL 5257691, at *1 (N.D. Cal. Aug. 16,

6

2023). The *Escape X* court's exceptionality finding was bolstered by a litany of other errors, including allegations of infringement based on the wrong product and the filing of a "stipulated" dismissal to which the opposing party had not agreed. *Id*. In *WPEM, LLC v. SOTI Inc*., "[e]ven the most cursory of investigations would have revealed the grounds for invalidity and unenforceability" because the accused technology was prior art to the asserted patent. No. 2:18-CV-00156-JRG, 2020 WL 555545, at *3 (E.D. Tex. Feb. 4, 2020), *aff'd*, 837 F. App'x 773 (Fed. Cir. 2020).

Here, the grounds for dismissal were not so clear as to have been revealed by a simple internet search. This case does not involve a failure to conduct pre-suit investigation; rather, it is a disagreement as to claim construction. While an implausible claim construction could render a case exceptional, the Court does not find the claim construction dispute here rises to that level.

## CONCLUSION

As the Court explained at oral argument, it does not condone ALD Social's attempt to monetize Apple's pandemic-era effort to save lives. But for the reasons stated above, the Court finds Apple has failed to show by a preponderance of the evidence this is an exceptional case within the meaning of § 285. It follows, then, that sanctions are not warranted under 28 U.S.C. § 1927 or the Court's inherent authority. Apple's motion is therefore DENIED.

The Court GRANTS Apple's administrative motion to seal its own material, (Dkt. No. 64), and DENIES Apple's administrative motion to consider whether another party's material should be sealed because ALD Social failed to file a statement justifying the sealing of its material as required by Civil Local Rule 79-5(f). (Dkt. No. 65.) The Court UNSEALS Docket No. 65.

This Order disposes of Docket Nos. 60, 62, 64, and 65.

**IT IS SO ORDERED.**

Dated: December 1, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

7