IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01986-RM-NRN

CALIFORNIA INNOVATIONS INC.,

Plaintiff,

v.

ICE ROVER, INC.,

Defendant.

## ORDER REGARDING RESPONSIVE DECLARATION

**N. Reid Neureiter**
**United States Magistrate Judge**

The Court has received attorney William Ramey's Response (Dkt. #61) to the Show Cause Order (Dkt. #58) regarding whether Mr. Ramey should be referred to the Court's Committee on Conduct for his neglectful behavior in this case. (Dkt. #58). Mr. Ramey's response raises more questions than it answers. These questions include the scope of the relationship between Ramey LLP, Mr. Eric Morehouse, and Whitestone Law, PLLC ("Whitestone") (formerly "AiPi LLC"); and whether Mr. Ramey was essentially acting as "straw man" (or "straw lawyer") by filing cases under his name on behalf of other lawyers or a law firm that was expected to do the work without Mr. Ramey or Ramey LLP's meaningful involvement, and without Mr. Ramey or Ramey LLP having any meaningful connection with the clients on behalf of whom the suits were being prosecuted.

Mr. Ramey also blames the various sanctions motions that have been filed against him and his firm on the conduct of Mr. Morehouse or other Whitestone lawyers. Mr. Ramey says that he worked through lawyers at Whitestone, including Mr. Morehouse, "to speak to representatives of Ice Rover and perform legal work," that he personally conveyed to Mr. Morehouse (and others) the need to send out discovery in this matter, and that he received an e-mail stating that the discovery was being handled.

The Court has serious concerns about the arrangements outlined in Mr. Ramey's declaration—whether they are consistent with a lawyer's obligations to his clients and the Court under the Colorado Rules of Professional Conduct, and whether such an arrangement in this matter has interfered with the fair administration of justice.

Therefore, pursuant to the Court's inherent power to supervise the behavior and practice of law by the lawyers appearing before it, *see Chambers v NASCO, Inc.*, 501 U.S. 32 (1991), it is ORDERED that Attorney Joseph Zito (or some other responsible individual at Whitestone) shall file a declaration in response to the Declaration of William P. Ramey, III (Dkt. #61-1).

This responsive declaration shall address each factual statement in the Declaration of Mr. Ramey by stating (1) whether the declarant has personal knowledge of the facts described in each statement, (2) whether the declarant knows the statement to be true or false, and (3) if any part of the statement is false, providing a truthful statement regarding the events or circumstances described therein. Such declaration shall be submitted by January 8, 2024. The declaration shall not disclose any attorney-client privileged information.

Dated this 15th day of December, 2023.       BY THE COURT:

*N. Reid Neureiter*

N. Reid Neureiter
United States Magistrate Judge