IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-1986-RM-NRN

CALIFORNIA INNOVATIONS, INC.

    Plaintiff

v.

ICE ROVER, INC.,

    Defendant.

---

**SUR-RESPONSE TO MOTION TO SHOW CAUSE**

---

William P. Ramey, III respectfully supplements its December 14, 2023 response to the Court's Show Cause Order of November 30, 2023 as follows to address Joe Zito's misleading declaration, showing the Court that no referral is necessary:

Mr. Zito alleges that Ramey omitted several items on cases responsive to the Court's request number 4:

> The number of times in the past three years that Mr. Ramey, Ramey LLP, or the clients of Ramey LLP have been sanctioned by any court or bar disciplinary body, including any public or private censures, and any orders to pay attorney's fees for any reason.[1]

However, Mr. Zito cites only one item that was mistakenly omitted. A section 285 award did issue on a single order on December 10, 2020 that awarded fees to Oath and Quora in the amounts

---

[1] Doc. No. 58 at 3.

1

suggested by Mr. Zito $22,106 and $6,930 respectively.  The one Order is attached as Exhibit A. Omitting this item was by mistake and without deceptive intent.  The order was not picked up in the Firm's search.

Mr. Zito's other items were disclosed and are likely included by Mr. Zito in an attempt to defame Ramey LLP.  Item 9, Traxcell v. Nokia was disclosed as item 2 on page 6 of the response:

> 2) Case No. 2:17-cv-00042 (lead), 2:17-cv-00044, *Traxcell Technologies, LLC v. Huawei* - Eastern District of Texas (Under Appeal) [2]

The *Huawei* case is the lead case where the attorney's fee award issued.  As indicated, it is under appeal.  Items 10 and 11 were disclosed 3 on page 6 of the response:

> 3) Case No. 2:17-cv-00718 (lead), 2:17-cv-00719 and 2:17-cv-00721, *Traxcell Technologies, LLC v. AT&T* – Eastern District of Texas (Under Appeal) [3]

The fee awards for Verizon and Sprint both issued from this case, as the two cases were consolidated.  As indicated, it is under appeal.  Items 12 and 13 are not sanction awards or attorney fee awards but rather costs from a bill of costs and not believed requested by the Court.  A prevailing party is allowed to seek certain costs under a bill of costs.

As for the items older than three years, Mr. Zito cannot help but further try to defame Ramey LLP.  Such information was not requested by the Court.  However, there is no known fee award to Nokia in March of 2018 under section 285 and there is no known fee award to ALE in February of 2018 under section 285.  Further, item 16 was never approved by the District Court and therefore was never an Order awarding fees.[4]  Even a cursory review by Mr. Zito would have revealed the truth.

---

[2] Doc. No. 61 at 2.
[3] Doc. No. 61 at 6.
[4] A Report and Recommendation issued that was never approved by the District Court.

Mr. Zito's allegation that Ramey LLP failed to disclose pending sanctions motions is incorrect. Ramey LLP disclposed the *Alert Media* matter as item 1 on page 6 of its response:

> 1) Case No. 6:22-cv-00387, *Verna Ip Holdings, LLC v. Alert Media, Inc.* - Western District of Texas (No Appeal) [5]

There are no other pending motions in the matter. Likewise, there is no pending motion for sanctions in the closed *Missed call v. Freshworks* matter. Why Mr. Zito states otherwise is alarming and likely meant to distract from the fact that his firm failed to serve discovery that my Firm advised them needed to be served.

My Firm's interest in this matter is to see that its former client is best served. Mr. Zito's declaration fails to explain why his firm did not serve the discovery that was ready in August of 2023. As was previously provided, Mr. Zito's failure was likely due to the change in firms. My Firm requests that the Court allow Ice Rover to serve its discovery as would have been done had we remained on the case. We apologize to the Court for this sideshow and respectfully request that Ice Rover is allowed to serve its discovery.

I. **CONCLUSION**

For the foregoing reasons, Ramey and Ramey LLP respectfully requests that it not be sanctioned or referred to the Court's Committee on Conduct.

Respectfully Submitted

**Ramey LLP**

*/s/William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800

---

[5] Doc. No. 61 at 6.

Houston, Texas 77006  
(713) 426-3923 (telephone)  
wramey@rameyfirm.com  

*Formally Attorneys for Ice Rover, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of January 5, 2024, with a copy of the foregoing via email.

*/s/ William P. Ramey, III*  
William P. Ramey, III

4